## RECORD NO. 14-4516

In The

# United States Court Of Appeals
## For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

# ARMANDO JIMENEZ TAGLE,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

_____

## BRIEF OF APPELLANT
_____

**Murray Kamionski**
LAW OFFICE OF
  MURRAY KAMIONSKI
**1334 Parkview Avenue, Suite 100**
**Manhattan Beach, CA  90266**
**(818) 609-1795**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street  ♦  Suite 230  ♦  Richmond, VA  23219
804-249-7770  ♦  www.gibsonmoore.net

## **TABLE OF CONTENTS**

**PAGE:**

TABLE OF AUTHORITIES ................................................................................ iii

JURISDICTIONAL STATEMENT ..................................................................1

ISSUES PRESENTED........................................................................................1

STATEMENT OF THE CASE............................................................................1

    1.    Offense Conduct....................................................................................1

    2.    Guilty Plea............................................................................................2

    3.    Sentencing ............................................................................................3

SUMMARY OF ARGUMENT ..........................................................................4

ARGUMENTS ....................................................................................................5

    I.    APPELLANT'S CONSTITUTIONAL RIGHTS TO
    EFFECTIVE ASSISTANCE OF COUNSEL WERE
    TRANSGRESSED BY THE LEGAL REPRESENTATION HE
    RECEIVED AT THE DISTRICT COURT LEVEL............................5

        A.    Standard of Review..................................................................5

        B.    Discussion of the Issue.............................................................5

    II.    DEFENDANT'S CONSTITUTIONAL RIGHT FROM
    MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE
    WERE VIOLATED BY FAILING TO REDUCE HIS
    SENTENCE BY 18 MONTHS FOR STATE RELATED
    OFFENSES AS ORDERED BY THE DISTRICT COURT
    JUDGE ................................................................................................6

i

A.    Background ...............................................................................6

B.    Standard of Review ..................................................................8

C.    Discussion of the Issue ...........................................................9

CONCLUSION ...................................................................................11

REQUEST OF ORAL ARGUMENT ..................................................12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# <u>TABLE OF AUTHORITIES</u>

**PAGE(S):**

**<u>CASES</u>:**

<u>Strickland v. Washington</u>,
  466 U.S. 668 (1984)..................................................................5

<u>U.S. v. Baldovinos</u>,
  434 F.3d 233 (4th Cir. 2006) ...................................................5

<u>U.S. v. Baptiste</u>,
  596 F.3d 214 (4th Cir. 2010) ...................................................5

<u>U.S. v. Brown</u>,
  343 Fed. Appx. 934 (C.A. 4 2009) .........................................10

<u>U.S. v. Wilson</u>,
  503 U.S. 329 (1992)................................................................10

**<u>STATUTES</u>:**

18 U.S.C. § 3568 ....................................................................10

18 U.S.C. § 3585 ......................................................................8

18 U.S.C. § 3585(b) ..........................................................8, 9, 10

21 U.S.C. § 841 ........................................................................1

21 U.S.C. § 846 ..................................................................1, 2, 6

28 U.S.C. § 1291 ......................................................................1

28 U.S.C. § 2255 ......................................................................5

**SENTENCING GUIDELINES:**

U.S.S.G. § 2D1.1 .................................................................................................6

U.S.S.G. § 2D1.1(b)(1) .......................................................................................2

U.S.S.G. § 3E1.1(b) ............................................................................................2

**RULES:**

Fed. R. Crim. P. 11 .............................................................................................2

Fed. R. Crim. P. 11(c)(1)(B) ..............................................................................2

## JURISDICTIONAL STATEMENT

Defendant Amando Jimenez Tagle appeals several aspects of his sentence following his guilty plea to possession with intent to distribute at least fifty (50) grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841, 846.  The district court entered judgment on December 23, 2013. JA at 74. Appellant filed a timely notice of appeal on July 1, 2014. JA at 27.  This Court's jurisdiction to consider Defendant's appeal is premised on 28 U.S.C. § 1291.

## ISSUES PRESENTED

I.   Whether defense counsel's failure to object to the Appellant's sentencing to 138 months of imprisonment without crediting for time already served on state related charges amounted to insufficient assistance of counsel.

II.  Whether Appellant's sentence is too long because he was not credited for 18 months in state custody for related charges

## STATEMENT OF THE CASE

1.   <u>Offense Conduct</u>

On May 2, 2012, within the Western District of North Carolina, law enforcement conducted a traffic stop of Appellant's vehicle.  At the conclusion of the stop, Appellant consented to a search of his vehicle, during which law enforcement seized approximately 750 grams of methamphetamine, a Schedule II controlled substance. Law enforcement also seized a Walther P-22, .22 handgun.

During a post-Miranda statement to law enforcement, Appellant admitted that he possessed the gun for his protection during his drug trafficking activity. JA at 37.

2.     Guilty Plea

Appellant reached a plea agreement with the prosecution whereby Appellant plead guilty to the drug possession charge only. JA at 14, 42.

In the plea agreement, Appellant confirmed his understanding of the statutory minimum and maximum sentences for the count to which he plead guilty. JA at 14.  A violation of Title 21, U.S. Code Section 846 carries a minimum sentence of ten (10) years and/or a $10,000 fine and at least five (5) years of supervised release. JA at 14.

Pursuant to Rule 11(c)(1)(B), the Appellant and government agreed that the amount of methamphetamine that was known to or reasonably foreseeable by the Defendant was approximately 2.95 kilograms, resulting a base offense level of 34. JA at 15.  The parties stipulated that Appellant should receive a 2-level weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for the handgun found at the time of arrest. JA at 15. The parties agreed further that Appellant should not receive a role enhancement or reduction and the entry of plea is timely for purposes of U.S.S.G. § 3E1.1(b). JA at 15.

During a Rule 11 Hearing before U.S. Magistrate Judge David C. Keesler on October 15, 2012, Appellant confirmed that he consulted with his attorney and was

2

satisfied with his defense attorney's services. JA at 41-42. He also affirmed his signature on the plea agreement and his understanding of the charges JA at 41. Appellant plead guilty to count one in the bill of information. JA at 42.

　　　3.　Sentencing

After Defendant entered his guilty plea, a probation officer prepared a pre-sentence report ("PSR"), describing the offense conduct and calculating an adjusted offense level. The PSR described the offense, specific offense characteristics and the Appellant's criminal history to formulate a total offense level of 33. JA at 92.

U.S. District Court Judge Max O. Cogburn, Jr. decided to depart from the U.S. Sentencing Guidelines and reduce the offense level of 33 to 31 because he believed that the "defendant's criminal history category [in the PSR] substantially over represents the seriousness of his criminal history." JA at 66. According to the sentencing guidelines, the range of imprisonment for an offense level of 31 is 135 to 168 months. JA at 67.

U.S. District Court Judge sentenced Appellant to a prison term of 138 months. JA at 69. At the 11/7/2013 hearing, the judge said:

> Okay. For the record, it should be noted that the defendant was brought into state custody on related charges to this offense on May the 2nd, 2012, and the defendant should be given credit for any time in state custody on the charges that led to this particular indictment. JA at 72.

3

When Appellant learned that his sentence was for 138 months, he wrote a letter to the Court expressing his understanding that his sentence was for 120 months. JA at 80.

Judge Cogburn treated Appellant's letter as a *pro se* motion on sentencing and issued an order confirming that the 138 month sentence was correct and that the

> confusion may come from the provision in the Judgment for "credit for time served on related State charges on May 2, 2012," which was 18 months before sentencing. It is left to the Bureau of Prisons to calculate the allowable credit ordered in the Judgment. JA at 82-83.

## <u>SUMMARY OF ARGUMENT</u>

Appellant's claim of insufficient assistance of counsel by his defense attorney rests on the failure to challenge the 138 month sentence. The district court judge clearly stated both in the Sentencing Hearing of 11/7/2013, as well as in the Judgment dated 12/23/13, that Appellant should be given credit for related state charges on May 2, 2012.  JA at 72, 75

When examining the records from the Bureau of Prisons, Appellant was given credit for time served for the federal charges before sentencing on the federal charges, but there is no mention of the state charges.

According to the district court record, Appellant was sentenced to 138 months and this should be corrected to reflect the statement of the district court judge to give credit for time in state custody on the related charges.

4

# ARGUMENTS

I. **APPELLANT'S CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL WERE TRANSGRESSED BY THE LEGAL REPRESENTATION HE RECEIVED AT THE DISTRICT COURT LEVEL**

### A.    *Standard of Review*

To establish ineffective assistance of counsel on direct appeal, a defendant must establish deficient performance by counsel and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687–88 (1984). A claim of ineffective assistance of counsel is not cognizable on direct appeal unless "the lawyer's ineffectiveness conclusively appears from the record." U.S. v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Rather, to allow for adequate development of the record, a defendant ordinarily must bring an ineffectiveness claim in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. U.S. v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

### B.    *Discussion of the Issue*

During the sentencing hearing held on November 7, 2013, Judge Cogburn said very clearly:

> …defendant was brought into state custody on related charges to this offense on May the 2nd, 2012, and the defendant should be given credit for any time in state custody on the charges that led to this particular indictment. JA at 72.

However, when it came time to stating the reasons for the sentencing, there was no mention of crediting the Appellant for the time served in state prison.

Throughout the plea bargain and sentencing hearings, defense counsel never moved to insure that Appellant be credited for any time served. Even after Judge Cogburn issued the reasons for the 138 month sentence, no formal challenge to the sentence was articulated by Appellant's counsel.

The prejudicial consequences of defense counsel's failure to object to a 138 month sentence that does not credit 18 months already served results in Appellant serving 18 months too long.

## II.     DEFENDANT'S CONSTITUTIONAL RIGHT FROM MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE WERE VIOLATED BY FAILING TO REDUCE HIS SENTENCE BY 18 MONTHS FOR STATE RELATED OFFENSES AS ORDERED BY THE DISTRICT COURT JUDGE

### A.     Background

In the PSR report the probation officer correctly applied the U.S. Sentencing Guidelines to reach a level offense of 33.  The United States Sentencing Commission Guideline for violation of 21 U.S.C. § 846 is found in U.S.S.G. § 2D1.1 and calls for a base offense level of 34 based on the amount of drugs for which the defendant is responsible.  Because Appellant was in possession of a gun, the level offense is increased by two to 36. Because of Appellant's acceptance of responsibility, the level offense was reduced to 33.  The District Court judge then went beyond the sentencing guidelines and lowered the offense level to 31.

After sentencing Appellant to 138 months imprisonment, Judge Cogburn, as previously stated, added to the record that

> …defendant was brought into state custody on related charges to this offense on May the 2nd, 2012, and the defendant should be given credit for any time in state custody on the charges that led to this particular indictment. JA at 72.

Believing that he was sentenced to 138 months imprisonment, Appellant wrote a letter expressing his understanding that his sentence was for 120 months. JA at 80.  Judge Cogburn treated Appellant's letter as a *pro se* motion on sentencing and issued an order confirming that the 138 month sentence was correct and that the

> confusion may come from the provision in the Judgment for "credit for time served on related State charges on May 2, 2012," which was 18 months before sentencing. It is left to the Bureau of Prisons to calculate the allowable credit ordered in the Judgment. JA at 82-83.

According to the record from the District Court, Appellant was sentenced on November 7, 2013 to 138 months imprisonment. JA at 21.Attached is a report from the Federal Bureau of Prisons which also shows Appellant's sentencing to 138 months.

With no clear indication in the record to the exact number of months Appellant was sentenced to imprisonment, Appellate counsel contacted the Federal Bureau of Prisons.  Appellant counsel was informed that Appellant's release date is

7

May 7, 2022 and that he was sentenced to 138 months imprisonment with the computation beginning November 7, 2013 – the date of sentencing.[1]

Appellate counsel requested an explanation as to how the Bureau of Prisons could release Appellant on May 7, 2022 when he was sentenced to 138 months on November 7, 2013. Angela Baggott, Team Charlie Administrative Assistant at the Federal Bureau of Prisons, explained that the Bureau of Prisons credited Appellant for the time served for the *federal charges*. *Apparently no credit was given by the Bureau of Prisons for the State charges, notwithstanding Judge Cogburn's order to the contrary.*

### B.    *Standard of Review*

18 U.S.C. § 3585 says that a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to or arrives voluntarily to commence service of sentence at the prison.  18 U.S.C. § 3585(b) provides that a defendant must be given credit towards a prison sentence for any time he has spent in official detention prior to the date the sentence begins as a result of the offense for which the sentence was imposed or a result of any

---

[1]  While the Bureau of Prison's printed report is not part of the official record, it is nevertheless very important to Appellant for the following reasons: 1) It shows that Appellant was sentenced for 138 months from the sentencing date of November 7, 2013 and 2) He never received credit for time served in state custody for related charges as ordered by Judge Cogburn.  This is why it is being added as an attachment under a supplemental motion.

other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.

### C.    *Discussion of the Issue*

Appellant was sentenced to 138 months — as designated in the November 7, 2013 sentencing order and in the Bureau of Prisons report on Appellant. The Bureau of Prisons credited Appellant for the time served from the date of his arrest on the *federal charges*. However, Judge Cogburn expressed at the November 7, 2013 sentencing hearing that Appellant should be given credit for the time spent in state custody on related charges. JA at 72. In addition, in the January 29, 2014 order issued by Judge Coburn to Appellant's letter concerning the sentence length, Judge Cogburn affirmed his request for credit given for state related charges. JA at 82-83.

18 U.S.C. § 3585(b) provides that a defendant must be given credit towards a prison sentence for any time he has spent in official detention prior to the date the sentence begins as a result of the offense for which the sentence was imposed or a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed. Nevertheless, the record from the District Court clearly shows that Appellant was never given any credit for time served in violation of 18 U.S.C. § 3585(b). The attached document

from the Federal Bureau of Prisons reflects that Appellant was never given credit for time served in state custody for related charges.

In <u>U.S. v. Wilson</u>, the U.S. argued that the Attorney General through the Federal Bureau of Prisons, calculates the amount of credit due a defendant after the defendant begins his sentence. Wilson, who was sentenced for violating the Hobbs Act, countered that the U.S.C. § 3585(b) authorizes the District Court to compute the amount of credit at sentencing. <u>U.S. v. Wilson</u>, 503 U.S. 329, 333 (1992)

The U.S. Supreme Court agreed with the U.S. that the "Attorney General must continue to compute the credit under § 3585(b) as he did under the former § 3568.... Yet, even though § 3585(b) no longer mentions the Attorney General, we do not see how he can avoid determining the amount of a defendant's jail-time credit." <u>Id.</u> at 334-335.

This court, the fourth circuit U.S. Court of Appeals, held that under 18 U.S.C. § 3585(b), a defendant should be given credit for prison custody already served prior to sentencing, but that the district court is not the person to calculate the credit given. Only the Attorney General, acting through the Bureau of Prisons, may compute sentencing credit. <u>U.S. v. Brown</u>, 343 Fed. Appx. 934 (C.A. 4 2009) quoting <u>U.S. v. Wilson</u>, 503 U.S. 329 at 334-335 (1992).

Appellant argues that the computation of the Bureau of Prisons is not clear. According to the Bureau of Prisons, they cannot give credit for any time served in

10

state custody.  The credit given by the Bureau of Prisons is a result of Appellant's time served since his arrest for federal charges, said Ms. Baggott.  However, Judge Cogburn established as part of the record that Appellant should be given credit for 18 months served in state custody for related charges. JA at 72, 83. Therefore, Appellant's sentence needs to be re-examined by the Bureau of Prison to consider whether additional credit should be given as recommended by the District Court.

## CONCLUSION

Based on the record and U.S. regulations, Appellant's sentence is 18 months too long and must be corrected.  Defense counsel at the district court level did not diligently monitor the sentencing of Appellant in order to properly challenge the sentence ordered by U.S. District Court Judge.  For the reasons set forth above, this Court should vacate the judgment below and remand for resentencing.

## <u>REQUEST OF ORAL ARGUMENT</u>

Pursuant to Rule 34 of the Local Rules of the Fourth Circuit, Appellant respectfully requests oral argument in the belief that the Court's consideration of the issues in this matter will be assisted and advanced by the opportunity of the parties to appear before the Court, to make appropriate comments, and to respond to the Court's questions and remarks.

/s/ Murray Kamionski
Murray Kamionski
LAW OFFICE OF
MURRAY KAMIONSKI
1334 Parkview Avenue, Suite 100
Manhattan Beach, CA  90266
(818) 609-1795

*Counsel for Appellant*

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
      32(a)(7)(B) because:

            this brief contains <u>2,491</u> words, excluding the parts of the brief
            exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
      32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

            this brief has been prepared in a proportional spaced typeface using
            <u>Word Perfect</u> in <u>14 point Times New Roman</u>.

                                    <u>/s/ Murray Kamionski</u>
                                    Murray Kamionski

                                    *Counsel for Appellant*

Dated:  September 22, 2014

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on September 22, 2014, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF System, which will send

notice of such filing to the following registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE
>   UNITED STATES ATTORNEY
> United States Courthouse
> 100 Otis Street, Room 233
> Asheville, NC  28801
> (828) 271-4661
>
> *Counsel for Appellee*

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

> /s/  Ethan N. Greenberg
> Ethan N. Greenberg
> GIBSON MOORE APPELLATE SERVICES, LLC
> 421 East Franklin Street, Suite 230
> Richmond, VA  23219